UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KENNETH ENTZ, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant ) | No. 2:24-cv-00318-SDN |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Concluding the United States Navy is immune from liability for towing Plaintiff's vehicle and alleged related expenses because Plaintiff failed to exhaust his administrative remedies, and immune from liability for intentional torts, the Court dismisses this action against the United States of America.

### BACKGROUND

#### I. Procedural History

On July 24, 2024, Kenneth Entz filed a small claim against Captain Michael C. Oberdorf of the United States Navy[1] in Maine District Court in Biddeford, Maine. ECF No. 1-1. On September 11, 2024, Defendant removed the case to the United States District Court for the District of Maine. ECF No. 1. On September 26, 2024, Defendant filed a motion to dismiss for lack of jurisdiction. ECF No. 9. Plaintiff responded in opposition on September 30, 2024. ECF No. 10. Defendant replied on October 15, 2024. ECF No. 11.

---

[1] On October 30, 2024, the Court granted Defendant's motion to substitute the United States of America for the named defendant. ECF No. 12.

## II. Factual Background

The Court draws these facts from Plaintiff's Complaint, ECF No. 1, "augmented by . . . [the] uncontested facts" in Plaintiff's Response to Defendant's Motion to Dismiss, ECF No. 10. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

Plaintiff Entz asserts that on February 9, 2024, the Defendant "ticketed and towed [his car] from the Portsmouth Naval Shipyard." ECF 1-1 at 1. Several months later, on July 12, 2024, he was forced to take "time off from work" to contest the ticket. *Id*. When he arrived, he was told that his ticket was dismissed. Thereafter, Plaintiff took a half day off from work to drive to Biddeford, Maine, to file his small claims paperwork. ECF No. 10 at 2. Plaintiff contends he "spent more than 17 hours preparing for the case" and "would like some compensation." *Id*. at 1. He also hopes to "present a clear statement for the misuse of power in the workplace as all Shipyard parking polices were ignored, [and] [t]he Code of Federal Regulations (Parking) 1290.3 were completely ignored." *Id*. He is "seeking towing fees, tolls, parking fees, time off from work, court [fees] and $4000 for Intentional Emotional Distress caused by the willful and unnecessary actions of the Shipyard Commander and his Base Security Officer," totaling $5382.25 in damages. ECF No. 1-1 at 1.

The defendant argues the United States is immune from any of Mr. Entz's tort claims because Mr. Entz failed to exhaust the "mandatory administrative process applicable to" Federal Tort Claims Act ("FTCA") claims. ECF No. 9 at 3. Defendant cites *Dynamic Image Techs., Inc. v. United States* for the proposition that "Congress has taken pains to establish an administrative framework that claimants must follow before they can sue under the FTCA." ECF No. 9 at 3 (quoting 221 F.3d 34, 39 (1st Cir. 2000)). According to Defendant, because "Plaintiff has not alleged that he availed himself of—and

exhausted—the mandatory administrative process," *id.* at 3, and "'[no] action shall . . . be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency,' here the Navy," *id.* at 3–4 (quoting 28 U.S.C. § 2675(a)), this Court lacks jurisdiction to hear Plaintiff's claim.

Defendant further argues that "to the extent Plaintiff asserts a claim for some manner of intentional tort here, the exception found in 28 U.S.C § 2680(h) forecloses that approach." *Id.* at 4 (citing *Limone v. United States*, 579 F.3d 79, 92 (1st Cir. 2009) (where a "grievance rests on proof of conduct that traditionally comprises an excepted tort, section 2680(h) precludes suit")).

Finally, Defendant argues the Complaint is "composed primarily of accusations and boilerplate legal recitations, which should be disregarded," and "[a]fter removing those statements, insufficient factual allegations remain to support a reasonable inference as to any cognizable violation." *Id.* at 5. As such, Defendant argues Plaintiff also "fails to meet Rule 12(b)(6)'s plausibility standard, which requires that a cause of action be 'plausible on its face.'" *Id.* at 5 (quoting *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013)).

## ANALYSIS

### I. Legal Standard

In ruling on a motion under Rule 12(b)(1), the Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1209–10 (1st Cir.1996). In addition, "the court may consider whatever evidence has been submitted." *Id.*

Mr. Entz has not articulated a basis for the Court's jurisdiction, the grounds for the relief he requests, or how he has established a prima facie case of any cause of action.

Nevertheless, the Court is obligated to "construe liberally a pro se complaint" and attempt to "intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997). It is apparent from his papers that Mr. Entz's claims are ones of tort, seemingly both negligent and intentional. The Court will first address whether it has subject-matter jurisdiction over those claims, because if the Court lacks jurisdiction it need go no further. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. Failure to Exhaust

The FTCA provides the exclusive compensation remedy for tortious acts by a government employee acting within his scope of employment. 28 U.S.C. § 2679. A claimant must first file an administrative claim with the appropriate federal agency. *Id.* § 2401(b). A claimant who fails to first file (and exhaust) such a claim is barred from court. *See Roman v. Townsend,* 224 F.3d 24, 27–28 (1st Cir.2000). Mr. Entz has not contested the United States' claim that he failed to exhaust his administrative remedies and does not assert in his complaint or elsewhere that he did in fact exhaust administrative remedies. *See* ECF No. 10. With respect to Plaintiff's claims that allege abuse of process, malicious prosecution, or other intentional torts, the exception of 28 U.S.C § 2680(h) proscribes subject-matter jurisdiction over such claims. This Court, therefore, lacks subject-matter jurisdiction over Mr. Entz's claims against the United States Navy and must dismiss his claims.

## CONCLUSION

The Court **GRANTS** the United States of America's Motion to Dismiss (ECF No. 9).

**SO ORDERED.**

Dated this 31st day of October, 2024.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**